Caitlin Cipicchio, Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0503
Email: caitlin.cipicchio@usdoj.gov
*Attorney for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| NATIVE ECOSYSTEMS COUNCIL; ALLIANCE FOR THE WILD ROCKIES,<br><br>     Plaintiffs,<br><br>  v.<br><br>JOHN J. MEHLHOFF, State Director; the BUREAU OF LAND MANAGEMENT; DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, Secretary of the Interior,<br><br>     Defendants. | **Case No. 1:20-cv-00019-BLG-SPW-TJC**<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO DISMISS** |

The United States Bureau of Land Management ("BLM") issued a Decision Record on September 23, 2019 authorizing upland and riparian vegetation

1

treatments in the Iron Mask Planning Area.  Plaintiffs filed a Complaint for Injunctive and Declaratory Relief challenging that agency action. Compl. ¶¶ 4-5. The BLM Butte Field Office has since withdrawn the September 23, 2019 Decision,[1] rendering Plaintiffs' claims moot. Therefore, Defendants respectfully request that the Court dismiss with prejudice Plaintiffs' Complaint in its entirety for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).  Plaintiffs do not oppose Defendants' Motion.

## ARGUMENT

If a federal court lacks subject-matter jurisdiction over a claim, the Federal Rules of Civil Procedure require the court to dismiss the claim. Fed. R. Civ. P. 12(b)(1), (h)(3).  A plaintiff must maintain a live case throughout the litigation to preserve federal jurisdiction. *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797 (9th Cir. 1999) (en banc) (citing *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir. 1998)). "[A] suit becomes moot when the issues presented are no longer 'live.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks and citation omitted). "If an action or claim loses its character as a live controversy, then the action or claim becomes 'moot,' and [the Court] lack[s] jurisdiction to resolve the

---

[1] Bureau of Land Mgmt., *Iron Mask Planning Area Environmental Assessment*, BLM National NEPA Register (last updated Aug. 20, 2020), https://eplanning.blm.gov/eplanning-ui/project/54195/510.          .

2

underlying dispute." *Madison Sch. Dist. No. 321*, 177 F.3d at 797-98; *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Thus, the basic question for determining mootness is whether "there is a present controversy as to which effective relief can be granted." *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (citing *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984)).

In the instant case, it is uncontested that there is no longer an "actual" or "present controversy" regarding the challenged September 23, 2019 Decision. That underlying Decision Record has been vacated. As numerous courts have held, the withdrawal or rescission of an agency action moots any controversy over such action. *See, e.g., Native Ecosystems Council v. Weldon*, No. CV 11-99-M-DWM, 2012 WL 5986475, at *3 (D. Mont. Nov. 20, 2012) (holding after the withdrawal of decision authorizing a project that "[n]o Project means no violations, and no violations means this case is moot."); *League of Wilderness Defs.-Blue Mountains Biodiversity Project v. Smith*, No. 04-1595 PK, 2006 WL 3692535, at *3 (D. Or. Dec. 12, 2006) ("Because that decision has been withdrawn, the [ ] project cannot go forward and plaintiffs' allegations of actual or threatened injury based on the project no longer exist. With no injury to allege, this court can provide no redress to plaintiffs.").

Furthermore, the Court can provide no effective relief in relation to Plaintiffs' claims,[2] as the underlying decision at issue, the September 23, 2019 Decision, has already been withdrawn.  Because there is no live controversy, and no relief to grant, this Court lacks subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), and Plaintiffs' claims must therefore be dismissed as moot.

## CONCLUSION

There is no live case or controversy, and there is no remaining relief that can be granted to Plaintiffs. For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Complaint as moot.

Respectfully submitted this 17th day of September, 2020.

      JEAN E. WILLIAMS
      Deputy Assistant Attorney General
      Environment & Natural Resources Division

      */s/ Caitlin Cipicchio*
      CAITLIN CIPICCHIO, Trial Attorney
      Natural Resources Section
      Environment & Natural Resources Division
      United States Department of Justice
      150 M St. NE
      Washington, D.C. 20002

---

[2] The Court retains authority to address ancillary matters after dismissal, such as adjudicating any future petition for attorneys' fees.  *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 968-70 (9th Cir. 2014).

                                          Tel: (202) 305-0503  
                                          Fax: (202) 305-0506  
                                          caitlin.cipicchio@usdoj.gov